UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PEDRO OLIVERA GARCIA,

Petitioner,

v. Case No. 3:26-cv-2719-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION CENTER, et al.,

Respondents.

---

**ORDER**

Petitioner Pedro Olivera Garcia, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1) on October 6, 2026. See generally Petition. Olivera Garcia, a citizen of Mexico, was temporarily detained at the border and paroled into the United States on June 14, 2024. Id. at 4. On October 2, 2026, United States Immigration and Customs Enforcement (ICE) re-detained Olivera Garcia. Id. As relief, he seeks, inter alia, immediate release. Id. at 10.

The Federal Respondents understand Olivera Garcia to argue that his continued detention violates the Immigration and Nationality Act. Doc. 7-1 at 2–6. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens

unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Olivera Garcia, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Olivera Garcia was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Olivera Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Olivera Garcia an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2] If Respondents

---

[1] Because the Court finds that Olivera Garcia is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Olivera Garcia is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not

release Olivera Garcia, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of October, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record

---

immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).